IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KING MICHAEL OLIVER,[1] *also known as* MICHAEL OLIVER, | ) ) ) ) |
| Plaintiff, | ) ) Case No. 19-cv-898-SMY |
| vs. | ) ) ) ) |
| IDOC, | ) ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Michael Oliver, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff claims IDOC has violated his due process rights under the Fourteenth Amendment and retaliated against him for filing grievances in violation of the First Amendment. He seeks monetary damages, injunctive relief, and his immediate release from prison.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for

---

[1] Although Plaintiff refers to himself as "King" Michael Oliver, the IDOC inmate locater identifies Plaintiff as "Michael Oliver". https://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited Aug. 20, 2019). *See also Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

1

money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## **The Complaint**

Plaintiff makes the following allegations in his Complaint: On April 9, 2019, Plaintiff was falsely charged with trespassing and threatening a public official, and was placed in Jackson County Jail. (Doc. 1, p. 2). As a result of his false arrest, IDOC issued a warrant and Plaintiff was arrested on either April 24 or 25, 2019 and placed in IDOC's custody. The issuance of the warrant violated Plaintiff's presumption of innocence, violated his due process rights, and deprived him of a right to a fair trial. (*Id*. at pp. 3 and 5).

In retaliation for filing grievances, Plaintiff has been placed in segregation, attacked in his sleep by an officer, and denied proper medical treatment. (Doc. 1, p. 3). He has made repeated requests for a fan but has not been provided with one. Plaintiff will not file a grievance regarding the fan as he believes that filing grievances will bring more retaliation.

## **Discussion**

As an initial matter, this Court must consider the substance of Plaintiff's claims to determine if the correct statute is being invoked (in this case, 42 U.S.C. § 1983). *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing Section 1983 claims that should have been brought as petitions for writ of habeas corpus). A petition for a writ of habeas corpus is the proper vehicle "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation."

*Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If a prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999).

With respect to his due process claim against IDOC, Plaintiff alleges that he is being improperly held and seeks immediate release and placement on parole. (Doc. 1, pp. 3 and 5). To the extent he challenges the fact of his confinement and seeks immediate release, Plaintiff has a single federal remedy; a petition for writ of habeas corpus. *Preiser*, 411 U.S. at 500. Section 1983 provides him with no avenue to this relief. Therefore, he cannot pursue his request for immediate release in this action.

To the extent Plaintiff claims he is being retaliated against for filing grievances while in IDOC custody, he cannot pursue his suit against IDOC because it is a state agency. "Neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). *See also Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir.2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.,* 56 F.3d 785, 788 (7th Cir.1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment).

Further, § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). To state a claim, Plaintiff must specifically identify the individual, by name or Doe designation. *See Bell Atlantic Corp.*, 550 U.S. at 555; Fed. R. Civ. P. 8(a)(2). Here, Plaintiff does not associate any particular individual with his allegations of retaliation. This is insufficient to state a viable claim. *See*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**Pending Motions**

Plaintiff submitted a Motion for Preliminary Injunction with his Complaint (Doc. 3). Injunctions are extraordinary equitable remedies that are to be granted in civil cases only when specific criteria are clearly met by the movant. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). As Plaintiff fails to state a claim for a constitutional violation in his Complaint, the Court **DENIES** his motion for preliminary injunction as moot.

**Disposition**

Accordingly, Plaintiff's Complaint is **DISMISSED without prejudice**. Plaintiff's Motion for Preliminary Injunction (Doc. 3) is **DENIED as moot**.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **September 19, 2019**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 8/22/2019**

*/s/ Staci M. Yandle*
**United States District Judge**