# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KING MICHAEL OLIVER, *also known as* MICHAEL OLIVER, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 19-cv-898-SMY |
| vs. | )<br>)<br>)<br>) |
| IDOC, | )<br>) |
| Defendant. | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Michael Oliver filed this action pursuant to 42 U.S.C. § 1983 seeking relief for alleged deprivations of his constitutional rights. The Complaint did not survive threshold screening because Plaintiff failed to state a viable claim, and as a result, the Court dismissed the Complaint without prejudice pursuant to 28 U.S.C. § 1915A(b) on August 22, 2019 (Doc. 5). Plaintiff was granted leave to file a First Amended Complaint on or before September 19, 2019 and was warned that the case would be dismissed with prejudice if he failed to take any action by that deadline. (Doc. 5, p. 4). Plaintiff missed the deadline and a week has passed since it expired. Plaintiff has not requested an extension or filed an Amended Complaint.

The Court will not allow this matter to linger indefinitely. Accordingly, this action is **DISMISSED with prejudice** for Plaintiff's failure to comply with the Court's Order to file a First Amended Complaint and to prosecute his claims (Doc. 5). Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall count as a "strike" for purposes of 28 U.S.C. 1915(g).

1

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(a)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 10/3/2019**

*/s/ Staci M. Yandle*
**United States District Judge**